In recording the order denying a rehearing of this cause I desire to protest against the citation of my opinion in City ofLos Angeles v. Pomeroy, 124 Cal. 597, [57 P. 585], as authority for the affirmance of this judgment. It is true that the opinion of Justice Temple in that case, which was concurred in by a majority of the justices, furnished a precedent for the present decision, but that opinion, it will be seen by reference to page 647 of the report (124 Cal., [57 P. 604]), was written for the express *Page 654 
purpose of overriding that portion of my opinion commencing on page 639, [57 P. 600], in which I expressly deny the rights here asserted and upheld. In my opinion the paramount right of Los Angeles to the waters of the Los Angeles River is limited to that part of the present city comprised in the four leagues (about 17,500 acres) constituting the original pueblo, and cannot be asserted for the satisfaction of the wants of the additional ten thousand four hundred acres added by the amended act of incorporation, or the territory since added and that may be hereafter added by the joint action of the municipal authorities and the inhabitants of the extensive unincorporated area adjoining the city.
But this is what is now decided to be the law: The city of Los Angeles, as it has been enlarged far beyond the limits of the old pueblo and as it may be indefinitely enlarged in the future, has a paramount right over all riparian proprietors above the city to the use of all the water necessary to the supply of its inhabitants. It may annex all the lands between it and the ocean, including a vast area not riparian to the Los Angeles River, and the inhabitants of this annexed territory immediately become invested with the paramount right to the water flowing in the tributaries of the river, whether above or below ground, notwithstanding they have been used for a hundred years by the grantees of Spain and Mexico, and their successors, of lands riparian to the stream. This is, I concede, the logical outcome of the decision of the court in Los Angeles v. Pomeroy, but it is a doctrine which I disclaimed in that case and for which neitherLux v. Haggin, 69 Cal. 255, [4 P. 919, 10 P. 674], nor VernonDistrict v. Los Angeles, 106 Cal. 237, [39 P. 762], is authority. *Page 655